UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

closed

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03781-RGK-AGR | Date | March 25, 2025 |
|---|---|---|---|
| Title | *Ethan Margalith et al. v. JPMorgan Chase Bank, N.A. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | | Not Reported | N/A |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**     (IN CHAMBERS) Order Re: Plaintiffs' Motion for Remand [DE 196]

On June 22, 2018, Ethan Margalith and Lisa Margalith (collectively, "Plaintiffs") filed a Complaint in a quiet title action against JPMorgan Chase Bank, N.A. ("Chase") and several other defendants in Los Angeles Superior Court ("LASC"). On January 24, 2020, Chase filed a First Amended Cross-Complaint ("FACC"), adding new cross-defendants including the Internal Revenue Service ("IRS"). Because the IRS is a federal governmental entity, the case was removed to this Court on April 24, 2020. (ECF No. 1.)

On August 28, 2020, the Court ordered the parties to file a joint status report clarifying whether the entire action, including Plaintiffs' underlying Complaint, had been removed, or if only the FACC had been removed. (ECF No. 15.) The parties complied, and each party, except for Chase, agreed that only the FACC had been removed. (ECF No. 19.) The Court ultimately agreed with the parties, *sans* Chase, and on December 23, 2020, the Court issued a text-only order finding that the FACC was the only operative complaint that had been removed. (ECF No. 30.)

With clarification that their original action had not been removed, Plaintiffs sought leave from LASC to reopen the case and file an amended complaint. However, LASC denied the request for lack of an "order of remand." (Pls.' RJN, Ex. 1, ECF No. 192-1.) Plaintiffs attempted multiple times thereafter, but to no avail, as LASC observed:

> By the notice of removal, the entire action ("civil action") was removed to federal court on April 28, 2020. There is no order from the federal court remanding any part of this action. While pursuant to 28 U.S.C. § 1441(c)(2), a federal court may sever and remand part of a civil action, the federal court did not do so. The federal court's order of December 23, 2020 is not an order of remand. Accordingly, the entire case remains in federal court.

(Pls.' RJN, Ex. 2, ECF No. 192-2.)

UNITED STATES DISTRICT COURT  closed
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03781-RGK-AGR | Date | |
|---|---|---|---|
| Title | *Ethan Margalith et al. v. JPMorgan Chase Bank, N.A. et al.* | | |

Consistent with LASC's rulings, Plaintiffs bring the instant Motion to Remand. Plaintiffs seek to remand their underlying Complaint to LASC. Chase opposes, arguing that removal is untimely because the grounds for remand is procedural, not jurisdictional, and 28 U.S.C. § 1447(c) provides that a motion to remand for a non-jurisdictional defect must be made within 30 days of removal. The Court disagrees with Chase.

It does not appear that the Court has subject matter jurisdiction over Plaintiffs' underlying Complaint for a quiet title action. There is no argument that Plaintiffs' quiet title action involves a federal question or diversity. At best, the Court could arguably have supplemental jurisdiction by way of Chase's counterclaims against the IRS. However, the parties generally agreed in their joint status report at the outset of this case that the FACC and the quiet title Complaint were different enough that they may appropriately be heard by different courts. Given this general consensus, exercise of supplemental jurisdiction would be inappropriate. *See* 28 U.S.C. § 1367(c)(2) (explaining that a court may decline to exercise supplemental jurisdiction over a claim if it "substantially predominates over the claim or claims over which the district court has original jurisdiction"). Consequently, remand is appropriate at this time.

For these reasons, the Court **SEVERS** and **REMANDS** Plaintiffs' Complaint.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer   JRE/sf